IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Dennis C. LIEDER, Attorney at
Law.

Supreme Court

*No. 88-1036-D. Submitted on briefs September 8, 1989.—Filed
November 14, 1989.*

(Also reported in 447 N.W.2d 652.)

For the appellant there were briefs by *Thomas D.
Bell* and *Doar, Drill and Skow, S.C.,* New Richmond.

For the Board of Attorneys Professional Responsi-
bility there was a brief by *Harold Witkin, James C.
McLaughlin* and *Witkin, Weiby, Maki, Furst and Ledin,
S.C.,* Superior.

PER CURIAM. *Attorney disciplinary proceeding;
proceeding dismissed.*

We review the recommendation of the referee that
Attorney Dennis C. Lieder be privately reprimanded for

having made two misrepresentations in his 1986 campaign materials as candidate for the position of circuit judge for Burnett county. The referee had concluded that, by those statements, Attorney Lieder had violated the Code of Professional Responsibility provision, SCR 20.04(4),[1] proscribing conduct involving dishonesty, fraud, deceit or misrepresentation.

Because we determine that neither the rule under which Attorney Lieder was charged in the complaint of the Board of Attorneys Professional Responsibility with professional misconduct, SCR 20.04(4), nor another rule, SCR 20.47,[2] which prohibits a lawyer from knowingly making false statements of fact concerning the qualifications of a candidate for judicial office, applies to a candidate in a judicial election, we dismiss the complaint in this proceeding.

Attorney Lieder was admitted to the practice of law in Wisconsin in 1975 and practices in Burnett county. He was elected district attorney for that county in 1978 and was reelected to that position four times. He has not previously been the subject of an attorney disciplinary proceeding.

The referee, the Honorable Rodney L. Young, reserve judge, found two statements in Attorney Lieder's material in the campaign for election as circuit judge against the incumbent, the Honorable Harry Gundersen, to have consciously made material omissions and to constitute misrepresentations. Those statements and the underlying facts on which they were based are as follows.

In 1984 District Attorney Lieder charged a juvenile with forgery and delivery of a controlled substance. The

---

[1]The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

[2]The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.2.

juvenile was subsequently waived into adult court and at the preliminary hearing the prosecution moved to dismiss the forgery charge, but the delivery of controlled substance charge was maintained. Judge Gundersen dismissed the forgery charge and released the juvenile on recognizance bond.

Two months later District Attorney Lieder filed a new complaint re-charging the juvenile with forgery and delivery of a controlled substance. At a bail hearing, the juvenile's attorney pointed out that the court did not have jurisdiction over the juvenile on the renewed forgery charge, as there had been no waiver into adult court thereon, but said the juvenile was willing to waive into adult court on that charge if the court would release him on his own recognizance. In response, Attorney Lieder asserted that, even if the case were not properly in adult court on the forgery charge, it was properly there on the delivery of controlled substance charge and said, "So a minimum bond should be set in that case." The juvenile agreed to trial in adult court on the forgery charge and the court continued his recognizance bail.

The defendant subsequently pleaded guilty to the forgery charge and all other charges were dismissed. Following that plea, the subject of money bond was not raised and the court released the defendant on personal recognizance.

Referring to this case in his campaign material, Attorney Lieder made the following statement:

> The facts in the case were that I convicted Nelson on a prison forgery charge, but Judge Gundersen let him go (over my objections) without even having to post bail money. Then the forger took off for California and (big surprise) didn't show up for sentencing.

The second campaign statement concerns a case in which a man was convicted by a jury in 1983 of sexual assault, for which Judge Gundersen sentenced him to seven years in prison. After serving 13 months of that sentence, the defendant filed a postconviction motion to set aside his conviction. Reviewing the conviction, Judge Gundersen found that the court had admitted constitutionally inadmissible evidence and that District Attorney Lieder's closing arguments to the jury were improper because of his repetition of his personal opinion and his appealing to the jury's emotions. Accordingly, the judge granted a new trial. At or immediately prior to that new trial, District Attorney Lieder moved for dismissal of the charges and the court granted the motion.

Attorney Lieder's campaign material included the following statements concerning that matter:

> Charlie Tollander also lied when he said I dismissed charges against a sexual offender. Again, his judge [Gundersen] dismissed them.
>
> It's confusing, but if Charlie, with all his finance-committee remarks about cost-control and cut-rate justice, is referring to the same sex-offender case I am, we're talking about the *incredible* case where the judge actually threw out the "guilty" verdict of 12 good-and-true Burnett County jurors. He *threw out* the guilty verdict, dismissed the case, and turned the sex-offender loose from jail.
>
> Why did the judge take the side of the sex-offender? According to the court records, my closing argument to the jury was too convincing! Apparently, the judge frowns on a prosecutor who makes an emotional appeal to a jury where a sex-offender is involved.
>
> My feeling is that the sex-offender had his *own* defense attorney; he didn't need a soft-hearted judge on the bench as a back-up!

144

The referee found that the latter statements deliberately omitted the fact that the judge's dismissal order was based on District Attorney Lieder's motion to dismiss and that they had been knowingly and deliberately contrived to mislead the public with omissions of fact essential to the fair appraisal of the judge's determination in that case.

In his appeal from the referee's report, Attorney Lieder argued that the proscription of SCR 20.04(4) that a lawyer not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation" is a broad rule applicable to the general conduct of a lawyer's professional work but does not apply to a lawyer's conduct as candidate in a judicial election campaign. He contended that the only rule applicable to a judicial candidate's campaign conduct is SCR 20.47(1): "A lawyer may not knowingly make false statements of fact concerning the qualifications of a candidate for election or appointment to a judicial office." Consequently, he argued, because his campaign material, although admittedly misleading, did not contain false statements of fact, that rule did not apply.

We agree that SCR 20.04(4) does not apply to a lawyer's campaign conduct as candidate. Neither does SCR 20.47(1). The latter rule concerns statements of lawyers, with professional standing in the legal system, concerning the qualifications of a candidate for judicial office; it does not regulate statements of a lawyer as candidate for such office. Because we conclude that Attorney Lieder's campaign statements did not violate the applicable ethical rules, it is unnecessary to reach the constitutional issues he raised concerning their application.

We note, for the guidance of the bar, that the Rules of Professional Conduct for Attorneys, which became

145

effective January 1, 1988, require a lawyer who is a candidate for judicial office to comply with applicable provisions of the Code of Judicial Ethics.

IT IS ORDERED that the complaint of the Board of Attorneys Professional Responsibility is dismissed.

ABRAHAMSON, J., did not participate.